Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Turner; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| First National Collection Bureau, Inc.; Collection Associates, Ltd.; and Duke Capital, LLC | |
| Defendants. | (Jury Trial Demanded) |

## I.  Preliminary Statement

1.    Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2.    Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3.   Plaintiff resides in Maricopa County, Arizona.

4.   Plaintiff is a natural person allegedly obligated to pay a debt which was incurred primarily for personal, family, or household purposes.

5.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6.   Defendant First National Collection Bureau, Inc. ("FNCB") is a Nevada corporation registered to conduct business within the State of Arizona.

7.   FNCB is licensed as a third party collection agency by the Arizona Department of Financial Institutions, license number 0009841.

8.   FNCB primary business is to collect or attempt to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.

9.   At all times relevant herein, FNCB is a "debt collector" as that term is defined by FDCPA § 1692a(6).

10.   Collection Associates, Ltd. ("Associates") is a foreign limited liability company.

11.   Associates collects or attempts to collect debts, either directly or indirectly, which it claims to have purchased after default.

12.   Associates is a "debt collector" as that term is defined by FDCPA § 1692a(6).

13.   Duke Capital, LLC ("Duke") is a foreign limited liability company.

14.   Duke collects or attempts to collect debts, either directly or indirectly,

- 2 -

1      which it claims to have purchased after default.

2   15.    Duke is a "debt collector" as that term is defined by FDCPA §1692a(6).

3                 **IV.  Factual Allegations**

4   16.    In July 2002, Plaintiff purchased an automobile primarily for personal,

5      family, or household purposes.

6   17.    Plaintiff's purchase was financed with a loan assigned to Household

7      Automotive.

8   18.    Plaintiff defaulted on his loan payments to Household.

9   19.    In or about 2010, Household sold or assigned the debt to Santander

10      Consumer USA.

11   20.    The debt was subsequently sold to several debt buyers, eventually

12      landing with Duke.

13   21.    Duke claims that it acquired the debt in or about November 2013.

14   22.    Subsequent to Duke acquiring the debt, a dispute arose between Duke

15      and Plaintiff.

16   23.    To settle the dispute, Duke and Plaintiff entered into a Settlement and

17      General Release Agreement in September 2014.

18   24.    The terms of the Agreement included a mutual release of claims,

19      including Duke specifically agreeing to release Plaintiff from the debt.

20   25.    Upon information and belief, sometime after signing the settlement

21      agreement with Plaintiff, Duke sold the debt to Associates.

22   26.    Upon information and belief, at the time Duke sold the debt to Associ-

23      ates, Duke did not inform Associates the true status of the debt, includ-

24      ing that Plaintiff had been released from any claim concerning the debt.

25   27.    Upon information and belief, at the time Duke sold the debt to Associ-

1    ates, it communicated credit information which it knew to be false.

2    28.    Upon information and belief, at the time Duke sold the Debt to Associ-

3             ates, it failed to communicate to Associates that the debt was disputed

4             by Plaintiff.

5    29.    Upon information and belief, after purchasing the debt from Duke,

6             Associates assigned the debt to FNCB for collection purposes.

7    30.    Upon information and belief, at the time Associates assigned the debt

8             to FNCB, Associates did not inform FNCB the true status of the debt,

9             including that Plaintiff had been released from any claim concerning

10           the debt.

11    31.    Upon information and belief, at the time Associates assigned the debt

12           to FNCB, it communicated credit information which it knew or should

13           have known was false.

14    32.    Upon information and belief, at the time Associates assigned the debt

15           to FNCB, it failed to communicate to FNCB that the debt was disputed

16           by Plaintiff.

17    33.    On or about March 15, 2016, FNCB mailed or caused to be mailed a

18           collection letter to Plaintiff concerning the debt owed to Associates. (A

19           copy of the letter is attached as Exhibit A).

20    34.    In the letter, FNCB states that the current creditor is Collection Associ-

21           ates, Ltd.

22    35.    In the letter, FNCB falsely represents that Plaintiff owes Associates

23           $4,519.77.

24    36.    As a result and proximate cause of Defendants' actions, Plaintiff has

25           suffered actual damages.

- 4 -

## V.  CAUSES OF ACTION

### a.  FIRST CLAIM FOR RELIEF

### (Violation of FDCPA)

37.  Plaintiff incorporates by reference paragraphs 1 though 35.

38.  Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

39.  As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a)   Actual damages to be determined by the jury;

b)   Statutory damages to be determined by the jury;

c)   Attorney's fees;

d)   Costs and expenses incurred in this action; and

e)   Such other relief as may be just and proper.

DATED  _May 3, 2016_ .

s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff